## *Dicken vs. Griffith.*  EJECTMENT.

Error to the Daviess circuit; ALNEY McLEAN, Judge.  Case 129.

*Arbitremant. Submission. Awards. Ejectment. Record. Judgments.*

Judge MILLS delivered the Opinion of the Court.  November 27.

THIS is an action of ejectment, brought by the nominal plaintiff, on the several demises of Remus Griffith, Elizabeth Dorsey, Archibald Dorsey and Nicholas Dorsey, and John Baker. The demise of Archibald and Nicholas Dorsey is both joint and several, and they all express different quantities of land, some 500 acres, some 1500, and others 3000 acres.

*Demises of the several lessors.*

The tenant in possession, Christopher Dicken, on whom the notice was served, caused himself to be entered defendant; and at a subsequent term an order read:

*Tenant in possession made defendant.*

"This day came the parties, as well by their attornies, as *in their proper persons,* and the parties mutually agree to submit all matters of difference between them, in this suit, to the final *arbitration* and determination of Alney McLean, Benjamin Field and William Newton, or any two of them, and agree that their award thereupon be made the judgment of this court."

*Submission to arbitrement.*

These arbitrators returned an award which professes on its face to be made in the ejectment depending, wherein Remus Griffith was plaintiff and Christopher Dicken, defendant, and omitting its recitals and formal parts, it reads thus:

"The parties agreed to submit their papers to us, without any proof of their execution, and any other proof, and we having examined the same, are of opinion that Remus Griffith is entitled to all the land contained in John Dicken's deed to Travis, except that part conveyed by the commissioners to James Jordan; and that Christopher Dicken is entitled to all that part of the land conveyed by the commissioners to James Jordan; and as some doubts may exist as to the legality of the commissioners' deed, we award that the said Remus convey by deed,

*Award.*

DICKEN
vs.
GRIFFITH.

of special warranty, to said Christopher Dicken, the land included in the said commissioners deed, and we award that each party pay their own costs."

Exceptions to the award.

On the return of this award, the defendants excepted to its being made the judgment, particularly because it was uncertain, indefinite, and beyond the terms of submission, and did not conclusively settle the controversy between the parties. There were other exceptions, some of them touching matters of fact; but as none of the evidence on these points, on which the court acted is contained in the bill of exceptions, we cannot further notice them.

Award sustained, and judgment for plaintiff.

The court overruled the exceptions, and gave judgment, "that the *plaintiff* recover against the defendant, his term yet to come, in and to the land contained in the *deed* of John Dicken to Travis, as specified in the award, and on the motion of the plaintiff, the commonwealth's writ of *habere facias possessionem* was awarded him."

Griffith tenders a deed to perform the award on his part.

Then follows an entry, that Remus Griffith exhibited in court a deed of conveyance to Christopher Dicken, in pursuance of the award, conveying to him the land in the commissioners' deed, specified agreeably to the above award, "which was acknowledged and certified to the county court."

Exception to the decision of the circuit court, and assignment of error.

The defendant excepted to the opinion of the court, and has prosecuted this writ of error; and now assigns as error the same objections to the award, and that it did not warrant the judgment of the court rendered thereon.

Expression of an *opinion* by arbitrators in their report, not taken as an award.

It would be difficult, by any course of reasoning known to us, to sustain the judgment of the court on the award, that the plaintiff recover all the land in the deed referred to.

The arbitrators give it as their *opinion* that Remus Griffith is entitled to it, but they do not award to him the recovery thereof. He might have been entitled to it, but the tenant might not have been guilty of any trespass thereon, and disputed that title, and therefore the plaintiff would be entitled to no judgment for it.

It will also be difficult from the face of this record, and terms of submission to sustain that part of the award, which directs a conveyance of part of the land to be made from one party to the other. The ejectment itself could not enforce such a measure, nor was such a matter in controversy.

But there is a paper copied into this transcript, purporting to be signed by Griffith and Dicken, and enlarging the terms of submission, and defining the powers and duties of the arbitrators. But this paper does not purport to be the act of any of the lessors but Griffith, and cannot therefore be taken as applying to all the controversies in this suit.

Besides, there is no evidence that this paper was ever filed, much less that it was entered of record. It was therefore improperly copied by the clerk, to swell the bulk of the record, and increase his fees, and we therefore cannot notice it as having any bearing on the case.

The act of assembly concerning awards, requires that the record should shew the points of controversy, and of course the award should include within it, the matters in contest and no more; and be certain enough to make the judgment pleadable in bar. If there be legal pleadings *they* shew the controversy; if there be no pleadings, they may be supplied by a statement shewing the claims of, and the dispute *between*, the parties. To these pleadings or statement we must look for what is to be decided. If the award reaches the whole controversy, then it is final. If it falls short of this, it is defective. If it exceeds it, it is usurpation, which cannot be sustained. Taking this rule to test this award by, and it cannot be sustained.

By the declaration and plea, the real point in issue was, whether the lessors of the plaintiff, or either of them, could on the day of the demise laid, or before action brought, make such a lease, as is alleged in the declaration, of the premises described in the declaration, or of any smaller quantity, and whether the tenant or defendant by entering or residing on the land, had disturbed this supposed

*Margin notes:*

DICKEN
vs.
GRIFFITH.

Submission of an action of ejectment will not authorize an award that one party convey a part of the land to the other.

An agreement by one of the lessors, extending the terms of submission, not binding on the others, and consequently cannot embrace all the controversy.

Such a paper found in the transcript, but not part the record, is nought.

Points put in issue by the general issue in the action of ejectment.

Requisites of the award in such case.

An award in an action of ejectment, that one of plaintiff's lessors has good title to part of the land in a certain deed, and that he convey the balance to defendant, is not valid.

Judgment on such an award, that plaintiff recover his term &c. not warranted.

Mandate.

lease. To try this, the collateral question of title in the lessors of the plaintiff, or either of them, was in issue.

It was necessary therefore, that an award to respond to this controversy should in substance shew that the lessors of the plaintiff, or one of them, had title, and that the defendant was guilty of disturbing the possession of and in the premises in the declaration mentioned.

Whether the title or possession of these premises have been considered by these arbitrators, is not left even to inferrence, but conjectured only. A certain deed held by one of the lessors of the plaintiff is supposed to be good for part of the territory therein described, and doubtful as to the residue, without any enquiry into the possession. No determination is made that the lessor shall enforce this supposed good part of his title against the possession of the defendant, but that the lessor shall make the doubtful part of the defendants title indubitable. The award has, therefore, in one point, fallen short of the matter in controversy, and exceeded it in another, and the court by endeavoring to enforce it by judgment, when there was nothing to enforce, has been driven to enter judgment for a portion of the land contained in a certain *deed*, not known in the record, instead of rendering it for the possession of the premises in the declaration mentioned, or any part thereof. The award ought not to have been permitted to stand.

The judgment must be reversed with costs, and the cause be remanded with directions to to quash the award, and to proceed with the cause in a way conformable to this opinion, and the law of the land.

*Talbot* for plaintiff.